IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Steve Jolly, | ) | C/A No.: 1:10-1101-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Phillip Thompson, Joey Johnson, Eddie Hill, and Tom Fox, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

      Plaintiff, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while he was a pretrial detainee at J. Reuben Long Detention Center ("JRLDC"). Before the court are the following motions: (1) Plaintiff's Motion for a Preliminary Injunction [Entry #26]; and (2) Defendants' Motion for Summary Judgment. [Entry #28]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. Because the motions are dispositive, this Report and Recommendation is entered for review by the district judge.

I.      Factual and Procedural Background

      Plaintiff filed his complaint on May 4, 2010, alleging that he was being discriminated against at JRLDC because of his Christian religion. [Entry #1]. Specifically, Plaintiff alleged that Muslims are allowed greater time than Christians for

religious services. *Id*. Plaintiff indicates in his complaint that he "is not seeking monetary relief[—]only equal time." *Id.* at 2.

Defendants filed their motion for summary judgment on October 25, 2010. [Entry #28]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the Defendants' motions. [Entry #29]. Plaintiff filed a timely response on November 8, 2010. [Entry #32]. Having carefully considered the parties' submissions and the applicable law, the undersigned recommends that Defendants' motion for summary judgment be granted.

II.     Discussion

  A.     Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990). Nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate.

2

Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." *Id.* The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see also Celotex v. Catrett*, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. *See* Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."

B.  Analysis

The South Carolina Department of Corrections ("SCDC") website indicates Plaintiff was transferred to Kirkland Correctional Institution on or about April 20, 2011. The court may take judicial notice of factual information located in postings on government websites. *See McCormick v. Wright*, C/A No. 2:10-33-RBH-RSC, 2010 WL 565303 at *2 n. 5 (D.S.C. Feb. 17, 2010). Because it appears that Plaintiff has been transferred to another facility, his request for injunctive relief is moot. A prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to the conditions of his confinement there. *See Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007); *see also Williams v. Griffin*, 952 F.2d 820, 823 (4th

Cir. 1991) (transfer rendered moot a prisoner's claims for injunctive and declaratory relief, but not claims for damages); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n. 1 (4th Cir. 1986) (same). As Plaintiff is no longer confined at JRLDC, it is recommended that Plaintiff's motion for a preliminary injunction be denied as moot. Because Plaintiff has requested only injunctive relief for his claims and he has since been transfered, it is also recommended Defendants be granted summary judgment.

III.   Conclusion

For the reasons discussed above, it is recommended that Plaintiff's motion for a preliminary injunction be denied as moot [Entry #26], Defendants' Motion for Summary Judgment [Entry #28] be granted, and this case be dismissed in its entirety.

IT IS SO RECOMMENDED.

July 5, 2011                              Shiva V. Hodges
Florence, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**